UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LANCE CARTER,

                            Plaintiff,

    -against-                                              9:20-CV-0402 (LEK/TWD)

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, *et al.*,

                            Defendants.
_____

**DECISION AND ORDER**

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a submission filed by pro se plaintiff Lance Carter pursuant to 42 U.S.C. § 1983.[1] Dkt. No. 1 ("Complaint"). Plaintiff, who is presently incarcerated at Marcy Correctional Facility, has not paid the filing fee for this action and seeks leave to proceed in forma pauperis ("IFP"). Dkt. Nos. 2 ("IFP Application"); 3 ("Inmate Authorization Form"). Plaintiff also filed a motion for service by the United States Marshall, Dkt. No. 4 ("Motion for Service"), and a motion for preliminary injunctive relief, Dkt. No. 5 ("Motion for Preliminary Injunction").

---

[1] "42 U.S.C. § 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 does not create any substantive rights; it provides civil litigants a procedure to redress the deprivation of rights established elsewhere. Id. (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under the color of state law deprived him of a federal right." Id.

## II. IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." Cash v. Bernstein, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." Id. (citing § 1915(b); Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010)).

Having reviewed Plaintiff's IFP Application and Inmate Authorization Form, the Court finds that Plaintiff has demonstrated sufficient economic need to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's IFP Application is granted.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain a complaint. See id.

---

[2] Section 1915(g) prohibits a prisoner from proceeding IFP where, absent a showing of "imminent danger of serious physical injury," the prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Based upon the Court's review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that Plaintiff has accumulated three strikes for purposes of § 1915(g).

Likewise, under 28 U.S.C. § 1915A(a)–(b), a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." § 1915A(a)–(b); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both §§ 1915 and 1915A are available to evaluate prisoner pro se complaints).

A court may not dismiss a complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Hence, a pleading that only "tenders naked assertions devoid of

3

further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

A court must construe pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

**B. Summary of the Complaint**

On February 5, 1998, Plaintiff was committed to the custody of New York State Department of Corrections and Community Supervision ("DOCCS") after being convicted of assault and designated a persistent violent offender. Compl. at 21.[3] Plaintiff was sentenced to twelve years to life in prison. Id. Plaintiff was subsequently given a sentence of fourteen years to life as a result of an assault on corrections and law enforcement officers. Id. at 23.

In 2005, the New York State Office of Mental Health ("OMH") imposed a "level 5 mental health designation" upon Plaintiff.[4] Id. at 18. As a result, Plaintiff was placed in mental health disciplinary confinement and denied mental health treatment. Id. Since 2013, Plaintiff has not been diagnosed with any "serious mental illness." Id. However, OMH has not removed the level 5 designation. Id.

---

[3] Citations refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[4] "The OMH classification system ranks each subject on a scale from level one to level five, with level one subjects requiring and receiving the most intensive mental health treatment." Maccharulo v. New York State Dep't of Corr. Servs., No. 08-CV-301, 2010 WL 2899751, at *1 (S.D.N.Y. July 21, 2010).

In 2010, Plaintiff became eligible for parole. Id. at 21–22; Mot. for Prelim. Inj. at 1. However, between 2010 and 2018, the New York State Department of Parole repeatedly denied Plaintiff release based upon falsified OMH documents, Plaintiff's persistent level 5 designation, and Plaintiff's "incompatib[ility] with society," "future criminality," and the seriousness of his offenses. Compl. at 12, 21–22. Plaintiff alleges that he was denied parole for "arbitrary, irrational, and improper" reasons and that his appeals of those denials have been repeatedly rejected. See id. at 17, 25. Plaintiff's next parole hearing is scheduled for this month. See Mot. for Prelim. Inj. at 2.

Construed liberally, the Complaint asserts the following claims under § 1983: (1) Fourteenth Amendment equal-protection and due-process claims against DOCCS; (2) Fourteenth Amendment equal-protection and due-process claims against the Department of Parole; (3) Fourteenth Amendment equal-protection and due-process claims against OMH; and (4) Eighth Amendment deliberate medical indifference claims against OMH. See Compl. at 8, 12–13, 18–20.

Plaintiff seeks monetary damages, injunctive relief, and declaratory relief. See id. at 4, 6, 15. Regarding Plaintiff's request for injunctive relief, Plaintiff seeks an order (1) compelling OMH to remove the level 5 designation; (2) compelling OMH to enroll Plaintiff in mental health therapy classes upon his release from custody; (3) enjoining DOCCS and the Department of Parole from denying him parole for impermissible reasons;[5] and (4) compelling DOCCS to provide him with housing in Poughkeepsie, job training, education, employment, social security

---

[5] Plaintiff does not seek an order releasing him from custody, but rather challenges the procedures that the Department of Parole has relied upon to deny him release. See id. at 15, 17.

and other financial assistance upon his release from custody. See id. at 13, 14, 19; Mot. for Prelim. Inj. at 8–9. Plaintiff also seeks an order declaring that Utica and Buffalo are "unsuitable" areas for his release. See Compl. at 14.

A complete statement of Plaintiff's allegations and claims may be found in the Complaint.

### C. Analysis

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against a state in federal court, under the principle of "sovereign immunity." See U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); see also Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Hans v. Louisiana, 134 U.S. 1, 10–21 (1890). "This immunity extends not only to states themselves, but also to state agencies or state officers in their official capacity." Myers v. Semple, 18-CV-505, 2018 WL 3553336, at *2 (D. Conn. July 23, 2018) (citing Pennhurst, 465 U.S. at 100).

The Eleventh Amendment bars claims for monetary, injunctive, or declaratory relief against a state or an arm of the state unless one of three exceptions applies. "First, a State may waive its Eleventh Amendment defense." Winokur v. Office of Court Admin., 190 F. Supp. 2d 444, 448 (E.D.N.Y. 2002) (citing Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999)). "Second, Congress may abrogate the sovereign immunity of the States by acting pursuant to a grant of constitutional authority." Id. (citing Kimel v. Fla. Bd. of

Regents, 528 U.S. 62, 80 (2000)). Third, under Ex parte Young, 209 U.S. 123 (1908)), "acts of State officers that violate federal constitutional rights are deemed not to be acts of the State and may be the subject of injunctive or declaratory relief in federal court." Finch v. New York State Office of Children & Family Servs., 499 F. Supp. 2d 521, 538 (S.D.N.Y. 2007). "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Public Service Comm'n of Maryland, 535 U.S. 635, 645 (2002) (citation and internal quotation marks omitted).

    All three of the abovementioned exceptions to sovereign immunity are inapplicable to this action. New York State has not waived its sovereign immunity and Congress has not abrogated the State's sovereign immunity in § 1983 actions. See Lurch v. NYSDOCCS, No. 20-CV-3430, 2020 WL 3173020, at *6 (S.D.N.Y. June 12, 2020) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977)). Furthermore, while the Complaint does request injunctive and declaratory relief, the Ex parte Young doctrine does not apply to that requested relief because Plaintiff has named DOCCS, the Department of Parole, and OMH as defendants rather than officials from those agencies. See Wang v. Office of Prof'l Med. Conduct, N.Y., 354 F. App'x 459, 461 (2d Cir. 2009) ("[A] plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly." (quoting Santiago v. New York State Dep't of Corr. Services, 945 F.2d 25, 232 (2d Cir. 1991)).

Since none of the exceptions to sovereign immunity apply, Plaintiff's claims against DOCCS, the Department of Parole, and OMH must be dismissed.[6]

In light of his pro se status, the Court affords Plaintiff the opportunity to file an amended complaint. See Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999). If Plaintiff wishes to amend his Complaint, he must file an amended complaint that complies with Federal Rule of Civil Procedure 15. Any amended complaint, which shall supersede and replace the original Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue and over which this Court may properly exercise jurisdiction. Plaintiff should also allege facts suggesting his claims are timely or that the applicable limitations period should be tolled. Finally, any amended complaint must also be signed by Plaintiff and comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to §§ 1915(e)(2)(B) and 1915A(b).

As to Plaintiff's Motion for Preliminary Injunction, Plaintiff "must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor." Santos v. Wood, No. 20-CV-421, 2020 WL 3211136, at *11 (N.D.N.Y. June 15,

---

[6] Even if Plaintiff had sued specific individuals in their official capacities, the Court would need to dismiss his request for monetary relief because "the Ex parte Young exception . . . does not apply to actions for monetary damages against state officials in their official capacities." See Myers, 2018 WL 3553336, at *2 (citing Edelman v. Jordan, 415 U.S. 651, 677 (1974)).

2020) (Kahn, J.) (citing Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); Cacchillo v. Insmed, Inc., 638 F.3d 401, 405–06 (2d Cir. 2011)). "In this instance, without a claim that survives § 1915 sufficiency review, Plaintiff cannot establish that he has a likelihood of success on the merits of his claims or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward him." Id. at *12. Hence, the Court denies Plaintiff's Motion for Preliminary Injunction without prejudice to renew after Plaintiff has submitted an amended complaint that has been accepted for filing by the Court.[7]

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**. The Clerk is directed to provide the superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3). The Clerk is also directed to notify the superintendent that Plaintiff has filed this action and that Plaintiff is required, pursuant to § 1915, to pay the statutory filing fee of $350.00 in installments to the Northern District of New York;[8] and it is further

**ORDERED**, that the Clerk shall provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

---

[7] Because Plaintiff has failed to assert any viable cause of action and all allegations in the Complaint have been dismissed, Plaintiff's Motion for Service is denied as moot.

[8] Although the Court has granted Plaintiff's IFP Application, Plaintiff must still pay any fees that he incurs in this action, including copying and/or witness fees.

9

**ORDERED**, that Plaintiff's § 1983 claims are **DISMISSED without prejudice** pursuant to §§ 1915(e)(2)(B) and 1915A(b); and it is further

**ORDERED**, Plaintiff's Motion for Service (Dkt. No. 4) is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 5) is **DENIED without prejudice**; and it is further

**ORDERED**, that DOCCS, the Department of Parole, and OMH are **TERMINATED** as defendants in this action; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as directed above within **thirty days** of the filing date of this Decision and Order; and it is further

**ORDERED**, that, if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that, if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to §§ 1915(e)(2)(B) and 1915A(b). In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by Plaintiff to the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document**

**received by the Clerk that does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **<u>Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so may result in the dismissal of this action</u>**; and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     June 18, 2020
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge